817 F.2d 103
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nathan MORRIS, III, Defendant-Appellant.
 No. 86-5124.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 27, 1987.
Decided April 20, 1987.
 
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Robert Stanley Powell, on brief, for appellant.
 Henry E. Hudson, United States Attorney; E. Roy Hawkens, Special Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Nathan Morris, III, appeals his conviction on one count of attempted false pretenses, in violation of 18 U.S.C. Sec. 13, assimilating Va. Code Secs. 18.2-27 and 18.2-178; and 18 U.S.C. Sec. 2. Morris claims that the evidence was insufficient to convict him of the crime. The case was tried before a jury; Morris offered no evidence. We find that the government presented sufficient evidence from which the jury could conclude that Morris misrepresented the jewelry that he offered for sale as being 14-carat gold, that he intended to sell the jewelry by false pretense, and that he committed a direct act in furtherance of his intent to fraudulently sell the jewelry. We affirm.
 
 
 2
 * While having supper in the employees' cafeteria at Washington National Airport a Pinkerton plainclothes security agent noticed Morris going from table to table talking to other people in the cafeteria. Morris then approached the security agent's table and asked the agent if he was interested in buying jewelry. Morris stated that he had gold pieces and displayed several gold-colored rings and chains. The agent testified that Morris represented the jewelry as being gold. The agent declined to make a purchase and Morris departed. Subsequent to this encounter the Pinkerton agent located an airport police officer and briefed him on the events involving Morris. The police officer, together with another airport police officer who had been alerted to the events, began searching the airport for the individual meeting the description supplied by the Pinkerton agent. Morris was spotted in the main lobby. His hands were extended with chains hanging from them and rings in them. Morris was talking with an individual standing beside him who was also displaying rings and chains, and to a skycap. The police officer who spotted Morris testified that he had on a previous occasion warned Morris not to sell jewelry at the airport. The police officer approached Morris and stated, "Selling jewelry in the airport," to which Morris replied, "Okay, you got me this time."
 
 
 3
 Morris had in his possession a number of gold-colored rings and chains and $118.16. The jewelry was marked with a "14K" imprint. The individual who was standing with Morris, and who subsequently became a codefendant to the charges, also had a number of gold-colored rings and chains as well as a 14-carat stamping device. Both Morris and his codefendant made additional statements after being informed of their Miranda rights. Morris stated, "Okay, you got me on this gold jewelry, but don't lay this cocaine charge on me."* The codefendant stated that he had stamped Morris' jewelry with the "14K" stamp; that both he and Morris had come to the airport to sell the gold rings and necklaces; that the chains cost them $1.00 each and the rings $3.00 each, and that he sold them for $10 or $15 or whatever he could get for them.
 
 
 4
 The government's final witness was a jewelry expert who had tested the rings and some of the chains. The expert testified that the jewelry was not gold and that had some of the pieces actually been 14-carat gold they would have been worth several hundred dollars.
 
 II
 
 5
 A conviction will not be reversed based upon an insufficiency of the evidence claim unless, viewing the evidence in the light most favorable to the government, no rational jury could find the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60 (1942). In assessing such a claim "we must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).
 
 
 6
 The Virginia statute prohibiting obtaining money by false pretense, Va. Code Sec. 18.2-178, as assimilated by 18 U.S.C. 13, provides that:
 
 
 7
 If any person obtain, by any false pretense or token, from any person, with intent to defraud, money or other property which may be the subject of larceny, he shall be deemed guilty of larceny thereof; or if he obtain, by any false pretense or token, with such intent, the signature of any person to a writing, the false making whereof would be forgery, he shall be guilty of [an offense].
 
 
 8
 Morris was convicted of attempted false pretense. The two essential elements which must be proved beyond a reasonable doubt in order to sustain Morris's conviction are: (1) that he had the intent to obtain money by false pretenses from another person, and (2) that he did some direct act (or aided and abetted some act) toward the commission of the crime of obtaining money by false pretenses but fell short of the accomplishment of the ultimate design. The direct act in this case was attempting to sell jewelry to a skycap while representing that jewelry to be 14-carat gold, yet knowing that it was not.
 
 
 9
 The jury in this case heard testimony detailing Morris's attempts to sell jewelry to the Pinkerton agent, which he represented to be gold; it heard testimony of statements made by both Morris and his codefendant to the police officers that they were at the airport for the purpose of selling the rings and chains, which had been purchased for one to three dollars and for which they asked ten to fifteen dollars; it was presented with evidence that each piece had been fraudulently marked as being 14-carat gold; and it heard testimony of Morris's conversing with, and displaying the jewelry to, the skycap. Viewing this evidence, in addition to the other evidence offered at his trial, and the reasonable inferences to be drawn from it, in the light most favorable to the government, we conclude that there was sufficient evidence such that the jury could find that the government had proved the essential elements of the crime beyond a reasonable doubt.
 
 
 10
 Finding that the facts and legal arguments are adequately presented in the briefs and record, that the decisional process would not be aided significantly by oral argument, and that Morris's contentions are without merit, we dispense with oral argument pursuant to Fed. R. App. P. 34(a) and Local Rule 34(a) and affirm the judgment of the district court.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Morris had also been charged with possession with intent to distribute imitation controlled substances. The district court directed a verdict of acquittal on this count at the close of the government's case